## Mammarella v. Rugeriis, Appellant.

Argued October 15, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Adrian Bonnelly,* and with him *Louis Lipschitz,* for appellant.

*Abraham Friedman,* for appellee.

Opinion by Keller, J., January 30, 1931:

This was an action of assumpsit to recover a balance due the plaintiff under a written contract for the erection of a building. The contract price was $4,750, of which $4,250 was paid, leaving a balance of $500, which was demanded in this suit. The defendant admitted payment of only $4,250, but set up by way of counterclaim two items of damages: (1) Resulting from defective work, $139.50; (2) liquidated damages for delay in completing the building, as per contract, 66 days at $15 per day, $990. Plaintiff was permitted to amend his statement by an averment that the delay in completing the building was caused by no fault or dereliction on his part but because of the fact that the defendant changed the plans and specifications with reference to the front and back windows,

which, it was testified on the trial, required the tearing down and rebuilding of the walls and, in turn, deferred the painting, which could only be done when the walls were up and the windows in place. The verdict for the plaintiff resolved the disputed questions of fact in his favor.

Defendant's chief ground for complaint on appeal is that the plaintiff was allowed to give evidence of matters explaining his delay, which were not set forth in his amended statement, viz., the delay of the defendant in moving certain plumbing fixtures which had to be done before plaintiff could begin his work under the contract.

We would be disposed to agree with this contention of the defendant were it not that his own pleadings and admissions show that no harm was done him by receiving this evidence.

The contract in suit was not dated. It called for the completion of the work within forty working days from December 15, 1927. Plaintiff's statement averred that the contract became effective December 24, 1927 and that work was begun on December 26, 1927, (the intervening day being a Sunday and Christmas Day). Defendant in his affidavit of defense admitted these averments of the plaintiff's statement; and also in his counterclaim recognized that December 24, 1927 was the effective date of the contract, by making the forty working days within which the work was to be completed begin with that date, instead of December 15th, and expire on February 10, 1928. It was, therefore, of no materiality what caused the delay between December 15th and December 24th, for both parties had recognized the latter as the date when the work under the contract was to begin; and as the plaintiff's evidence of the delay incident to the moving of the plumbing fixtures only related to the period between

December 15th and 24th, no possible harm was done the defendant.

The defendant also complains that the trial judge excluded evidence of the actual damages suffered by him because of plaintiff's delay in completing the building, apart from the liquidated damages provided for in the contract. The court was right in its ruling. The jury were instructed that if they found the delay in completing the building was due to the fault of the plaintiff the defendant was entitled, under the contract, to recover $15 as liquidated damages for every working day's delay in excess of the period fixed in the contract, which was caused by the fault or dereliction of the plaintiff. The defendant had founded his counterclaim on this provision of the contract. He was not obliged to prove specific damage apart from it, and had set up none in his counterclaim. He was wise not to do so for the liquidated damages provided for by the contract were greater in amount than the specific items which he sought to introduce in evidence. He could not recover on both. To have permitted such evidence would only have confused the jury, which had before it the proper measure of damages fixed by the contract.

We do not regard the charge of the court as inadequate or one-sided, and will not reverse the judgment on that ground. It is true that the judge in one part of his charge did speak of the provision in the contract for liquidated damages for delay as a 'penalty,' but it was done only casually and by way of designation, and not with reference to its legal effect; for in his charge he instructed the jury to treat the provision of the contract as the measure of defendant's damages occasioned by the fault or dereliction of the plaintiff. He was entirely justified in calling the jury's attention to the fact that payments had been made by the defendant to the plaintiff, on

account of the contract price, at a time or times when the damages for delay now claimed by defendant more than exceeded any balance then remaining of the contract price.

Perhaps more space was devoted in the charge to the question of the supervising architect than was required, but that was probably due to the unnecessary amount of evidence on the subject. The contract did name Mr. Sindoni as the architect, according to whose plans and specifications the work was to be done. The term ''supervising architect'' was not used, and the plaintiff denied that Sindoni had supervised the work. The architect testified that he had supervised the work, but admitted having told plaintiff's attorney that he had not done so. It was not a vitally important matter, for under all the evidence the delay in completing the building and the causes for it were for the jury. The defendant had not seen fit to avail himself of the provision in the contract authorizing him to take possession of the work and complete the contract in the event of the contractor's delay in the performance of the work.

We do not deem it necessary further to discuss the case. The issues were those of fact and were submitted to the jury in a charge that could not have misled them. We find no error that calls for a reversal of the judgment.

The assignments of error are overruled and the judgment is affirmed.